**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NELSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; VECTOR REHABILITATION; NEIL KELLEY, D.P.M; MATTHEW FLUKE,<br><br>    Defendants. | No. C-06-04976 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

**I. INTRODUCTION**

Plaintiff James Nelson ("Plaintiff" or "Nelson") brought this malpractice action against various doctors and employees of the Open Door Community Health Centers ("Defendants" or the "Health Center"). Because the Health Center is a federally-funded institution, the case was certified pursuant to 28 U.S.C. § 2679(d)(2) and the United States was substituted as the party defendant under 28 U.S.C. § 2679(d)(1). See Docket No. 3.

Presently before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction. For the reasons stated herein, the Court GRANTS Defendants' Motion to Dismiss.

**II. BACKGROUND**

On April 25, 2006, Plaintiff filed a medical malpractice

action against Defendants in Humboldt County Superior Court. See Compl., Docket No. 1. As a federal entity, the Health Center is covered by the Federal Tort Claims Act (the "FTCA"). See Bergeron Decl. ¶ 4. The named Defendants were employees of the Health Center when Plaintiff claims to have received negligent treatment so they are covered by the FTCA as well. See id. at ¶ 6. After the Attorney General certified that the individual Defendants were federal employees acting within the scope of their employment pursuant to 28 U.S.C. § 2679(d)(2), the United States was substituted as the named defendant, and the case was removed to federal court. See Docket No. 1, 3.

On August 21, 2006, Defendants filed the present Motion to Dismiss for lack of subject matter jurisdiction. Docket No. 5. They assert that Plaintiff failed to exhaust his administrative remedies. See id. Specifically, Defendants note that Plaintiff filed his administrative tort claim on July 6, two months after he filed the Complaint. See Bergeron Decl. at ¶ 3. At present, Plaintiff's claim has not been evaluated by the agency. See id; Pl.'s Opp'n to Mot. to Dismiss.

**III. LEGAL STANDARD**

Plaintiff's negligence claims are governed by the Federal Tort Claims Act, which contains specific procedural requirements:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been

2

> finally denied by the agency in writing and sent by certified or registered mail.  28 U.S.C. § 2675(a).

The Supreme Court has described the administrative exhaustion prerequisites of the FTCA as a "clear statutory command." <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

**IV. DISCUSSION**

Under 28 U.S.C. § 2675(a) Plaintiff was required to exhaust his administrative remedies before filing suit.  The Ninth Circuit has explained that "[t]he claim requirement of section 2675 is jurisdictional in nature and may not be waived." <u>Burns v. United States</u>, 764 F.2d 722, 724 (9th Cir. 1985).  As stated by the Supreme Court, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." <u>McNeil</u>, 508 U.S. at 113.

In this case, Plaintiff filed his administrative tort claim on July 6, 2006, but the agency has yet to issue a decision. <u>See</u> Bergeron Decl. at ¶ 3; Pl.'s Opp'n to Mot. to Dismiss at 2. Moreover, the six month review period described in 28 U.S.C. § 2675(a) has not run.  Under the FTCA, even if the agency does not dispose of the claim, once the agency has reviewed the claim for six months, Plaintiff has a right to sue.  Presently, as a result of Plaintiff's failure to exhaust his administrative remedies, his claim is not timely.  Nelson argues that the Court should ignore this requirement because he could amend the complaint as in <u>Campbell v. United States</u>, 534 F.Supp. 762, 764 (D. Haw. 1982). In <u>Campbell</u>, the court allowed amendment because the six month

3

1    review period had already run by the time the defendant filed its
2    motion to dismiss. Id. Contrary to Campbell, Plaintiff filed his
3    administrative claim in July of 2006 and fewer than six months
4    have passed between now and then. See Bergeron Decl. at ¶ 3.
5    Therefore, Plaintiff cannot in good faith assert that he has
6    complied with the FTCA.

7    Plaintiff's failure to adhere to the procedural requirements
8    of the FTCA is a significant oversight considering the importance
9    of exhaustion, which "protects administrative agency authority"
10   and "promotes efficiency." Woodford v. Ngo, 126 S.Ct. 2378, 2385
11   (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992).
12   Plaintiff's claim must be dismissed as this Court does not acquire
13   subject matter jurisdiction until Plaintiff has exhausted his
14   administrative remedies. See McNeil, 508 U.S. at 113.

15   In his Opposition to Defendant's Motion to Dismiss, Plaintiff
16   fails to make any convincing arguments as to why the Court should
17   waive the exhaustion requirement. Plaintiff cites Bowen v. City
18   of New York, 476 U.S. 467, 476 (1986) and Daly-Murphy v. Winston,
19   837 F.2d 348, 354 (9th Cir. 1987) in support of waiver. In Bowen,
20   the Supreme Court granted waiver to two groups of Social Security
21   claimants: those who had failed to file suit within 60 days of
22   receiving an agency decision and those who had not yet received a
23   final decision from the Secretary. 476 U.S. at 479, 482. Nelson
24   fails to note that the class action plaintiffs in Bowen sought to
25   challenge an illegal internal agency policy; they were not
26   pursuing individual Social Security benefits claims. Id. at 469.
27   In Daly-Murphy, the Ninth Circuit affirmed the District Court's

**United States District Court**
For the Northern District of California

decision to deny waiver because the plaintiff had failed to show that the Veterans Administration hospital's procedures were invalid or would cause irreparable injury.  See 837 F.2d at 354. Nelson requests this Court to grant waiver, but similar to the plaintiff in Daly-Murphy, Nelson is unable to explain how the procedural requirements of the FTCA are invalid or will cause harm.  As a result, Plaintiff has failed to present valid grounds for waiver.  Though it may be inconvenient for Plaintiff to comply with the statutory requirements of the FTCA, he must do so in order to proceed with his malpractice claims in federal court.

**V. CONCLUSION**

The Court hereby GRANTS Defendants' Motion to Dismiss. Plaintiff's case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: November 3, 2006

UNITED STATES DISTRICT JUDGE